IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANIEL JUNIOR MCNEIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10CR406-1 |
| | ) | 1:13CV718 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 42) ("Section 2255 Motion").[1] For the reasons that follow, the Court should deny the instant Section 2255 Motion.

INTRODUCTION

The Court (per now-Chief United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 192 months, upon his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket Entry 27; see also Docket Entry 1 (Indictment); Docket Entry 20 (Plea Agt.); Docket Entry 35 (Sent'g Hrg. Tr.); Docket Entry 37 (Plea Hrg. Tr.).) The United

_____

[1] Parenthetical citations refer to Petitioner's criminal case.

States Court of Appeals for the Fourth Circuit affirmed. United States v. McNeil, 473 F. App'x 262 (4th Cir. 2012). Petitioner then timely filed the instant Section 2255 Motion (Docket Entry 42), along with a Memorandum in Support (Docket Entry 43). The United States responded (Docket Entry 46) and, despite notice of his right to reply (Docket Entry 47), Petitioner filed none (see Docket Entries dated Jan. 2, 2014, to present).

## DISCUSSION

Petitioner's Section 2255 Motion asserts these two claims:

1) "Counsel was ineffective when there was a clear conflict of interest between Petitioner and counsel made know [sic] to the [C]ourt which was not cured" (Docket Entry 42, ¶ 12(Ground One)); and

2) "Petitioners [sic] plea of guilty was not knowing and voluntarily entered" (id., ¶ 12(Ground Two)).

### Ground One – Ineffective Assistance Due to Conflict of Interest

Ground One lacks merit. Specifically, although Petitioner possessed a federal constitutional right to effective assistance of counsel in his criminal case in this Court, see U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970), and "[a] necessary corollary to the right to effective assistance of counsel is the right to representation free from conflicts of interest," United States v. Swartz, 975 F.2d 1042, 1048 (4th Cir. 1992), Petitioner has not alleged any circumstances that would tend to

2

show that his counsel labored under a conflict of interest (see Docket Entry 42, ¶ 12(Ground One); Docket Entry 43 at 8-10).

Indeed, the only factual allegations offered by Petitioner in support of Ground One appear as follows:

> [T]he [C]ourt was made aware of problems of communication and the inability for [] [P]etitioner and his appointed attorney to reach any accord. In the change of plea hearing . . . [P]etitioner brought to the [C]ourts [sic] attention that his counsel had failed to properly advise him in the case and that [P]etitioner requested another counsel in the case due to the act [sic] that there was a clear conflict of interest between counsel and [P]etitioner.

(Docket Entry 43 at 8-9; see also Docket Entry 37 at 4-6 (documenting that, prior to entering a guilty plea, Petitioner declined to address the Court (per now-Chief Judge Osteen) directly about any dispute with counsel, but then requested (via counsel) "the appointment of new counsel on the grounds that [Petitioner] d[id] not feel the advice [from counsel] ha[d] been adequate with regard to whether [Petitioner] should accept the plea or not" and that the Court denied said request, observing that Petitioner's counsel had "been practicing in this Court for a long time," that no basis existed to question "the nature of the advice that [counsel] may be rendering to [Petitioner]," and that, "[u]ltimately, the decision as to whether to proceed to trial or plead guilty [wa]s up to [Petitioner]"), 13-14 (reflecting that, during plea colloquy, Petitioner confirmed his only basis for dissatisfaction with his counsel arose from his perception that his

3

counsel gave "mixed signals" about whether pleading guilty represented the "right or wrong decision"); Docket Entry 43 at 14-16 (referring to "conflict of interest" in argument regarding Ground Two, but without identifying any underlying facts).)

"The mere fact that a criminal defendant and his attorney have personality conflicts . . . does not constitute an actual conflict of interest requiring the attorney to be disqualified." Sims v. Cockrell, No. 301CV1007M, 2002 WL 1315797, at *5 (N.D. Tex. June 12, 2002) (unpublished). Similarly, "mere disagreement between counsel and client does not constitute an adverse interest creating a conflict of interest. As [Petitioner] has not provided any evidence of an adverse interest [of counsel], he has failed to establish the existence of a conflict [of interest]." Blevins v. White, Civil Nos. 10-07-GFVT, 10-24-GFVT, 2014 WL 7004976, at *24 (E.D. Ky. Dec. 10, 2014) (unpublished) (internal citation omitted).[2] The Court thus should deny relief on Ground One.

### Ground Two – Unknowing/Involuntary Guilty Plea

Ground Two seeks to invalidate Petitioner's conviction based on his counsel's alleged "failure to properly inform [Petitioner]

---

[2] To the extent Ground One asserts a claim of ineffective assistance based on the bald allegation that counsel "failed to properly advise" Petitioner (Docket Entry 43 at 8), that "claim is vague, conclusory, speculative, and unsupported and fails for all these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.).

of the actual elements of the charge[], and possible defenses [to the charge] he was pleading to . . . [as well as] to adequately inform [] Petitioner of the government's case." (Docket Entry 43 at 11; see also id. ("Petitioner clearly did not understand the elements of the charge[] in which he had pled to nor . . . possible defenses concerning the charge[] [because] counsel was ineffective in his representation.").)[3] The record of Petitioner's guilty plea hearing refutes any allegation that he entered an unknowing, involuntary guilty plea and, indeed, conclusively establishes that, pursuant to a colloquy with the Court (per now-Chief Judge Osteen) that fully complied with Federal Rule of Criminal Procedure 11(b), Petitioner pleaded guilty freely and with a full understanding of all relevant matters. (See Docket Entry 37 at 9-32.)[4]

---

[3] Although Petitioner signed the Memorandum in Support containing the above-quoted allegations, he did not do so under oath or penalty of perjury. (See Docket Entry 43 at 18.) Conversely, Petitioner's counsel has declared under penalty of perjury that he "inform[ed] [Petitioner] of the charge and possible defenses . . . [and that they] discussed the case, elements, and trial strategy, exhaustively." (Docket Entry 46-2 at 4.)

[4] Of particular note (in light of Petitioner's above-quoted, unsworn contention(s) that his counsel failed to advise him about the elements of the charged offense, possible defenses, and the case generally), Petitioner swore during his plea colloquy that he "underst[oo]d the [I]ndictment and the charge against [him]" (Docket Entry 37 at 13), that he "fully discussed the charge contained in the [I]ndictment and the case in general with [his counsel]" (id.), that he and his counsel "discussed any possible defenses [he] might have to the charge" (id.), that he "underst[oo]d the elements of the offense charged" (id. at 27), and that he did not "have any questions" (id.).

5

"[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements." <u>United States v. Lemaster</u>, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner has identified no extraordinary circumstances that would permit the Court to disregard his sworn statements voluntarily and knowingly pleading guilty. (<u>See</u> Docket Entry 42, ¶ 12(Ground Two); Docket Entry 43 at 10-16.) Accordingly, Ground Two fails as a matter of law.

<u>CONCLUSION</u>

Petitioner has not identified a viable basis for collateral relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 42) be denied without a certificate of appealability.

<u>/s/ L. Patrick Auld</u><br>
<b>L. Patrick Auld</b><br>
<b>United States Magistrate Judge</b>

June 3, 2015